# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ITC HOMES, INC. | ) | Case No. 4-06-00053-EWH |
| | ) | |
| | ) | **MEMORANDUM DECISION** |
| Debtor. | ) | |
| | ) | |

     Pending before the court is the Debtor's Application for Allowance of Special Counsel's Interim Compensations and Reimbursement of Costs for the law firm of Bullivan, Houser, and Bailey, P.C. ("BHB") ("Application"). The order approving BHB's appointment was entered on April 17, 2006.

     The Application seeks fees of $22,390.50 and costs of $2,501.63 for BHB's services performed from February 1, 2006 through April 30, 2006 for its representation of the Debtor in litigation originally pending in the Nevada state court and now pending United States District Court for the District of Nevada. ("Nevada Litigation"). The Debtor is one of eight defendants in the Nevada Litigation . Other defendants include the shareholder of the Debtor and its manager. M&S Unlimited and Moshe and Suzie Gedalia ("Objectors") objected to the Application.

     A hearing on the Application was held on August 16, 2006, at which Special Counsel was instructed to file a declaration regarding the extent to which the work of Special Counsel was for the benefit of the other defendants in the Nevada Litigation. The Declaration was filed and the Objectors timely filed a Supplemental Objection to the Application.

BHB was not appointed until April 17, 2006, but seeks approval for costs and fees before that date. It is well settled in the Ninth Circuit that bankruptcy courts possess the equitable power to approve retroactively a professional's valuable but unauthorized services, but only in situations where exceptional circumstances exist. In re Atkins, 69 F.3d 970, 973 (9th Cir 1995). However, there has been no showing of exceptional circumstances which would justify retroactive approval of fees. Furthermore, because there has been no order entered lifting the automatic stay which would permit the Nevada Litigation to proceed against the Debtor postpetition, the scope of work that BHB could have performed that would benefit the Debtor's estate was necessarily limited. The Debtor appropriately incurred fees seeking to have the Nevada Litigation removed from state to federal court, but the fee application is not limited to work on removal. Other services were performed, including seeking a stay of the litigation against the other defendants. Neither the Application or the Declaration filed by BHB explain why services, which primarily or solely benefitted the Debtor's co-defendants, should be paid by the estate.

Because there has been no demonstration of exceptional circumstances justifying a retroactive approval of BHB's fees and because even if such circumstances could be demonstrated, an adequate explanation has not been provided as to why only the Debtor is being charged for BHB's services in the Nevada Litigation, the Application cannot be approved. A separate order will be entered this date denying the Application.

DATED this 9th day of November, 2006.

THE HONORABLE EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

2

1   Copy mailed this 9th day of
2   November, 2006 to:

3   Scott D. Gibson
    Gibson, Nakamura & Green, PLLC
4   2941 N. Swan Rd., Suite 101
5   Tucson AZ 85712
    Attorneys for the Debtor

6
    Christopher J. Pattock, Trustee
7   Office of the U.S. Trustee
8   230 North First Ave., Suite 204
    Phoenix, AZ 85003-1706

9
    By: _____
10       Judicial Assistant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28